UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/17/2018

REGINA LEWIS,

Plaintiff,

-against-

No. 17-cv-2116 (NSR)
OPINION & ORDER

ORANGE COUNTY, MEDICAL DIRECTOR EBBIE,
CORRECT CARE SOLUTIONS,

Defendants.

NELSON S. ROMÁN, United States District Judge

Plaintiff Regina Lewis brought this *pro se* action under 42 U.S.C. § 1983 based on a failure to have her medical needs addressed while incarcerated at the Orange County Jail. (*See* Compl. ECF No. 2.) Plaintiff sought relief in the form of release from the prison to be treated by a private physician, and compensation for pain and suffering. Plaintiff has since been committed to the Mid-Hudson Forensic Psychiatric Center.[1] On July 11, 2017, this Court dismissed Plaintiff's Complaint pursuant to a filing injunction prohibiting her from filing any new federal civil actions *in forma pauperis* while incarcerated. (ECF No. 17.) This Court is in receipt of Plaintiff's letter, dated July 27, 2017, in which she indicated that she was now in "County Custody," and therefore under imminent danger of serious physical injury—an exception to the filing injunction. (ECF No. 18.) The Court deems the letter a Motion for Reconsideration. The Motion is DENIED.

## STANDARD OF REVIEW

Motions for reconsideration are governed by Local Civil Rule 6.3 and Federal Rule of Civil Procedure 60(b). "The standard for granting a motion for reconsideration pursuant to Local Rule

---

[1] Plaintiff brought this action on March 22, 2017. On April 13, 2017, this case was reassigned to the Undersigned. (*See* ECF Docket Entry Dated April 13, 2017.) Plaintiff was granted IFP status on April 19, 2017. (*See* ECF. No. 5.) On May 17, 2017, Plaintiff informed the Court of her new address at the Mid-Hudson Forensic Psychiatric Center. (*See* ECF. No. 8.)

1

6.3 is strict." *Targum v. Citrin Cooperman & Company, LLP*, 12-cv-6909 (SAS), 2013 WL 6188339, at *1 (S.D.N.Y. Nov. 25, 2013). Motions for reconsideration are "addressed to the sound discretion of the district court and are generally granted only upon a showing of exceptional circumstances." *Mendell ex rel. Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990). A motion to reconsider "is not a vehicle for ... presenting the case under new theories ... or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners*, *L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quotation and citation omitted); *see also Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Stroh Cos.*, 265 F.3d 97, 115 (2d Cir. 2001) (quoting *Polsby v. St. Martin's Press*, 97-cv-690 (MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000)) (Mukasey, J.) (noting that in moving for reconsideration, "a party may not 'advance new facts, issues or arguments not previously presented to the Court.'"). Such motions "'will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked.'" *Analytical Surveys*, 684 F.3d at 52 (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). Reconsideration of a Court's previous order is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Initial Pub. Offering Sec. Litig*, 399 F. Supp. 2d 298, 300 (S.D.N.Y. 2005) (internal citation and quotation omitted), *aff'd sub nom. Tenney v. Credit Suisse First Boston Corp.*, 05-cv-3430, 05-cv-4759, & 05-cv-4760, 2006 WL 1423785, at *1 (2d Cir. 2006).

## DISCUSSION

The July 11, 2017 Order of Dismissal indicated that Plaintiff Lewis was under a filing injunction pursuant to the Prisoner Litigation Reform Act, 28 U.S.C. § 1915(g). (ECF No. 17.) *See Lewis v. Epstein*, No. 14-CV-9404 (BMC) (S.D.N.Y. July 29, 2015), *appeal dismissed*, Nos. 15-3173, 15-3176; 15-3196 (2d Cir. Mar. 24, 2016). Consequently, as of July 29, 2015, Plaintiff

has been prohibited from filing any new federal civil actions *IFP* while a prisoner, unless her suit alleges that she is in "imminent danger of serious physical injury," pursuant to 28 U.S.C. § 1915(g). This Court found that Lewis was not in imminent danger of serious physical injury because she was no longer incarcerated in the Orange County Jail and was subsequently committed to a psychiatric center.

Taking Plaintiff's letter and appendages into consideration, along with the Court's own research, Plaintiff's Motion for Reconsideration is denied. It appears that Plaintiff Lewis remains in the custody of the Mid-Hudson Forensic Psychiatric Center, and therefore, is not under imminent danger of serious physical injury from the Orange County Jail. Further, Plaintiff's July 27 letter, which is the most recent letter received by the Court, indicates that her return address is that of the Mid-Hudson Forensic Psychiatric Center. Without more information, the Court cannot determine that Plaintiff is currently anywhere else but the psychiatric center. Thus, Plaintiff is not in imminent danger of serious physical injury from the Orange County Jail.

## CONCLUSION

For the foregoing reasons, Plaintiff's letter dated July 27, 2017, deemed as a Motion for Reconsideration, is DENIED. The Clerk of Court is respectfully directed to mail a copy of this Opinion to Plaintiff, and show proof of service on the docket.

Dated:    April 17, 2018               SO ORDERED:
         White Plains, New York

NELSON S. ROMÁN
United States District Judge

**SERVICE ADDRESSES**

REGINA LEWIS
No. 13410
Mid-Hudson Forensic Psychiatric Center
2834 Rt. 17-M
New Hampton, NY 10958-0158